February 2, 2015

Honorable Frank Maas
U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007

Re: Spiegel v. Bekowies, et al.
Case # 14cv3045-LGS-FM

Dear Judge Maas,

    Concerning the above-referenced Complaint, I am submitting to Your Honor the attached subpoenas for documents in the possession of 47th Street Management Corp., LLC, d/b/a The Hotel Edison, which I need for Discovery purposes.

    Most of these documents were included in Plaintiff's First Request for the Production of Documents, submitted to Defendants' counsel on October 10, 2014. Defendants' counsel would not produce any of the requested documents, citing that those documents were in the possession of Hotel Edison, which is not a Defendant in the action. I pointed out that Erin Bekowies, who is one of the Defendants, was and still is employed at Hotel Edison as Director of Human Resources, and therefore is custodian of all the documents. Still, Defendants' counsel would not comply with my request, so then I informed them that I would subpoena those documents.

    By the procedures of the Court regarding subpoenas for pro se plaintiffs, I am hereby respectively requesting Your Honor to authorize and issue subpoenas for the attached list of documents, that Plaintiff needs for Discovery purposes.

Truly yours,

Michael Spiegel
Pro Se Plaintiff

101 Cooper St, #1E
New York, NY 10034
212-568-3428



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Michael Spiegel
_Plaintiff_

v.

Erin Bekowies, et al.
_Defendant_

Civil Action No. 14CV3045-LGS-FM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 47th STREET MANAGEMENT CORP., LLC, d/b/a The Hotel Edison
_(Name of person to whom this subpoena is directed)_

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007 | Date and Time: March 2, 2015, 9 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party) Michael Spiegel, Pro Se Plaintiff, who issues or requests this subpoena, are:
101 Cooper St, #1E, New York, NY 10034, michaelspiegel@lycos.com, 212-568-3428

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## DOCUMENTS FROM 47TH STREET MANAGEMENT CORP., LLC

## D/B/A THE HOTEL EDISON

1. Hotel Edison complete personnel file for Michael Spiegel, Plaintiff.

2. Hotel Edison complete personnel file for Erin Bekowies, Defendant.

3. Hotel Edison complete personnel file for Michael Shyu, Defendant.

4. Hotel Edison complete personnel file for Jorge Valencia, Defendant.

5. Hotel Edison complete personnel file for Malgorzata Sowa, Defendant. To include Sowa's U.S. Citizenship and Immigration Form I-9, Employment Eligibility Verification, required, as a Polish national.

6. Hotel Edison complete personnel file for Marla Edgar, Defendant.

7. Hotel Edison complete personnel file for Youssef Farah, Defendant.

8  Hotel Edison complete personnel file for Shkurte Mujovic, Defendant.

9. Hotel Edison complete personnel file for Ronaldo Teixeira, Defendant.

10. Hotel Edison complete personnel file for Zenorina Gonzalez, Defendant.

11. Hotel Edison complete personnel file for John Canavan, hotel General Manager at times of alleged torts. An important witness.

12. Hotel Edison complete personnel file for Thomas Wengelewski, hotel Human Resources Director and Director of Operations at times of alleged torts. An important witness.

13  Hotel Edison complete personnel file for Katarina Sefrankova, hotel Front Desk Manager at times of alleged torts. An important witness.

14. Hotel Edison complete personnel file for Thomas Chestaro, hotel Director of Security at times of alleged torts. An important witness.

15. Hotel Edison complete personnel file for Valbona Mujovic, hotel Front Desk Assistant Manager at times of alleged torts. An important witness. Valbona Mujovic is an eyewitness to many of the alleged torts.

16. Hotel Edison complete personnel file for Denis Chabot, hotel Director of Engineering at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

17. Hotel Edison complete personnel file for Paul Chabot, hotel security guard at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

18. Hotel Edison complete personnel file for Tyrone Parris, hotel OSHA Safety Director and security guard at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

19. Hotel Edison complete personnel file for Melissa Toro, hotel front desk agent at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

20. Hotel Edison complete personnel file for Loren McCullough, hotel front desk agent at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

21. Hotel Edison complete personnel file for Toby O'Brien, hotel front desk agent at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

22. Hotel Edison complete personnel file for Victor Gilles, hotel front desk agent at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

23. Hotel Edison complete personnel file for Anthony Ebadi, hotel front desk agent at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

24. Hotel Edison complete personnel file for Thomas Ahearn, hotel security guard supervisor at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

25. Hotel Edison complete personnel file for Ismael Reyes, hotel security guard supervisor at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

26. Hotel Edison complete personnel file for David Ortiz, hotel security guard at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

27. Hotel Edison complete personnel file for Kristopher Kennington, hotel Front Desk Assistant Manager at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

28. Hotel Edison complete personnel file for Liridona (Donna) Kastrat, hotel Front Desk Assistant Manager at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

29. Hotel Edison complete personnel file for Janet Maldonado, hotel Housekeeping Manager at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

30. Hotel Edison complete personnel file for Ursula Wesolinska, hotel Housekeeping Manager at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

31. Hotel Edison complete personnel file for William Jipa, hotel front desk agent and Union Delegate at times of alleged torts. An important witness. Has direct knowledge of many alleged torts.

32. All documents, including correspondence, inter-office memoranda, e-mails and other electronic communications, relating to Plaintiff's claims in this lawsuit, including statements or interview notes with Erin Bekowies, Michael Shyu, Katarina Sefrankova, Valbona Mujovic, Jorge Valencia, Malgorzata Sowa, Marla Edgar, John Canavan, Thomas Wengelewski, Thomas Chestaro, Youssef Farah, Ronaldo Teixeira, Shkurte Mujovic, Zenorina Gonzalez, Valbona Mujovic, and Tyrone Parris.

33. All documents reflecting communications of defendants relating to Plaintiff from January 1, 2010 to date.

34. All electronic communications, including e-mails, of Defendants, relating to Plaintiff from January 1, 2010 to date.

35. Provide copies of any and all video and/or audio recordings in the possession of Hotel Edison, relating to Plaintiff, from January 1, 2010 to date, including but not limited to the following dates: (a) May 11, 2011, cameras at front desk and security podium, incident at front desk between Plaintiff and John Canavan, General Manager; (b) June 1, 2011, cameras at freight entrance and front desk, incident at freight entrance between Plaintiff and Canavan; (c) June 3, 2011, cameras at mezzanine, front desk back office, lobby and elevators, incident on mezzanine and front desk back office and with Plaintiff and Zenorina Gonzalez, Defendant, and Katarina Sefrankova, Front Desk Manager; (d) July 6, 2011, cameras at mezzanine, front desk, lobby and front desk back office, incident on mezzanine, front desk and front desk back office, between Plaintiff and Youssef Farah, Ronaldo Teixeira, Shkurte Mujovic and Zenorina Gonzalez, all Defendants; (e) December 28, 2011, cameras at lobby and front desk back office, incident between Plaintiff and Jorge Valencia, Defendant, at front desk back office; (f) February 4, 2012, cameras at front desk and back office, incident at front desk and front desk back office between Plaintiff and Sefrankova and Teixeira; (g) February 19, 2012, cameras at lobby and 47th Street exterior, incident between Plaintiff and Canavan; (h) February 24, 2012, cameras at front desk and front desk back office, incident between Plaintiff and Malgorzata Sowa, Defendant, Marla Edgar, Defendant, Melissa Toro, front desk agent; (i) March 7, 2012, cameras at front desk and front desk back office, incident between Plaintiff and Valbona Mujovic, Front Desk Assistant Manager, and Melissa Toro; (j) March 21, 2012, cameras at lobby and front desk back office, incident between Plaintiff and Malgorzata Sowa, Defendant, and later with responding NYPD officers; (k) May 18, 2012, cameras at lobby, elevator and 2nd floor offices, incident between Plaintiff and Erin Bekowies, Defendant; (l) June 16, 2012, cameras at lobby, elevator, front desk and front desk back office, incident between Plaintiff and Canavan and Sefrankova; (m) August 2, 2012, cameras at mezzanine, incident between Plaintiff and Bekowies, Defendant; (n) August 4, 2012, cameras at lobby, elevator and front desk back office, incident between Plaintiff and Ulo Barad, hotel owner, Sefrankova, Teixeira, Valencia and Ursula Wesolinska, Housekeeping Manager; (o) August 8, 2012, cameras at freight entrance, lobby, elevators, front desk back office, mezzanine and 47th Street exterior, incident between Plaintiff and Thomas Wengelewski, Defendant, Thomas Chestaro, Director of Security, Tyrone Parris, OSHA Safety Director, and Zenorina Gonzalez, Defendant; (p) August 8, 2012, cameras at 47th Street exterior, 2nd floor offices, elevators, front desk, lobby and front desk back office, incident between

Plaintiff and Chestaro, Canavan and two (2) NYPD criminal detectives; (q) August 9, 2012, cameras at front desk, lobby and elevators, incident between Plaintiff and Ulo Barad and Canavan; and (r) August 10, 2012, cameras at freight entrance, elevators, 2nd floor office, lobby, front desk and front desk back offices, incident between Plaintiff and Canavan, Bekowies, Ulo Barad and Sefrankova.

All of the above videos relate to important incidents between Plaintiff, Defendants, and other hotel employees, which resulted in unjust disciplinary actions against Plaintiff.

36. All documents concerning Plaintiff's employment at Hotel Edison, including but not limited to documents regarding complaints Plaintiff made about Hotel Edison to management and the union.

37. All documents, including notes, correspondence, inter-office memoranda, e-mails and other electronic communications concerning meetings, investigations, write-ups and decisions about Plaintiff's termination from Hotel Edison in 2010 for alleged "theft."

38. All documents, including notes, correspondence, inter-office memoranda, e-mails and other electronic communications concerning meetings, investigations, write-ups and decisions about Plaintiff's termination from Hotel Edison in 2011 for exhibiting "threatening behavior" towards a co-worker.

39. All documents, including correspondence, inter-office memoranda, e-mails and other electronic communications relating to the March 2012 police report regarding Plaintiff.

40. All documents, including correspondence, inter-office memoranda, e-mails and other electronic communications relating to summoning two New York Police Department detectives concerning Plaintiff, in or around August 8, 2012.

41. All correspondence or communications by Defendants or any other hotel employees to third parties referring to Plaintiff's termination in 2012.

42. All documents concerning any insurance policies held by Defendants or Hotel Edison relating to Plaintiff's claims in this lawsuit.

43. All documents upon which Defendants intend to rely at trial in this action, which are in possession of Hotel Edison.

44. All documents, not otherwise produced in response to the foregoing, upon which Defendants intend to rely to support any affirmative defenses to the Complaint.

Dated:   New York, New York
         February 2, 2015