```
F1S5spiC                        phone conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MICHAEL SPIEGEL,

              Plaintiff,

         v.                                14 Civ. 3045 (LGS)

ERIN BEKOWIES, et al.,

              Defendants.

------------------------------x
                                         New York, N.Y.
                                         January 28, 2015
                                         11:15 a.m.

Before:

                 HON. LORNA G. SCHOFIELD,

                                         District Judge

                         APPEARANCES

MICHAEL SPIEGEL, Pro se

GREENWALD DOHERTY, LLP
     Attorneys for Defendants
BY:  CAROLYN J. GRIMALDI
```

1              (Case called)
2              THE COURT:  Good morning.
3              MS. GRIMALDI:  Good morning, your Honor.
4              THE COURT:  Good morning.
5              MR. SPIEGEL:  Good morning, your Honor.
6              THE COURT:  I know that I have referred this case for
7    general pretrial supervision to Judge Maas but there are a
8    couple of matters that remain before me and one is the
9    plaintiff's motion to remand.  I thought the most efficient way
10   to deal with that is to get you on the phone and tell you what
11   must ruling is.  So, that is what I plan to do today.  For the
12   following reasons, plaintiff's motion to remand is denied:
13             This action arises out of plaintiff's employment at
14   the Hotel Edison in Manhattan.  As you know, defendants are all
15   individuals who worked with plaintiff at the hotel.  Subject to
16   an industry-wide collective bargaining agreement, plaintiff
17   joined the hotel union -- the New York Hotel and Motor Trades
18   Council.  The amended complaint alleges three claims against
19   the defendants:  First, tortious interference with contract;
20   second, tortious interference with business relations; and
21   third, tortious interference with prospective business
22   advantage.
23             To remove a case from state court to federal court, a
24   party need only demonstrate "reasonable probability that
25   removal is proper."  <u>Anwar v. Fairfield Greenwich Ltd</u>., 676

1  F.Supp.2d 285, 292.
2           MS. GRIMALDI:  Your Honor, I don't mean to interrupt
3  but I don't know if Mr. Spiegel you are getting the same effect
4  but you are cutting in and out in between.
5           MR. SPIEGEL:  I can't understand everything you are
6  saying but I am assuming you putting it in writing.
7           THE COURT:  No, I'm not, but there is a court reporter
8  here so there will be a written transcript of it.
9           MR. SPIEGEL:  In that case, your Honor, I'm not -- I
10 get the general --
11          THE COURT:  Yes, and I apologize about the phone.  Let
12 me pick it up.
13          (Judge using phone handset)
14          THE COURT:  Is everyone there?  Okay, so this proves
15 the problem is not with my phone because I have the handset in
16 my hand and it is still clicking in and out.
17          Is anyone on a cell phone?
18          Do you want to call in to my chambers again and we
19 will see if a new connection makes it any better?  Why don't
20 you try to call in again.  I am going to hang up.  Call in
21 again.
22          (Call terminated)
23          THE COURT:  So, we are back on the record.  I think I
24 was in the middle of a citation.
25          MS. GRIMALDI:  Yes.

1       THE COURT:  676 F.Supp.2d 285, 292, (S.D.N.Y. 2009)
2  (citing Blockbuster, Inc. v. Galeno, 472 F.3d 53, 58 (2d Cir.
3  2006)).  "Although the Supreme Court repeated that the party
4  who brings the suit is master to decide what law he will rely
5  upon, it is an independent corollary of the well-pleaded
6  complaint rule that a plaintiff may not defeat removal by
7  omitting to plead necessary federal questions in a" --
8       MR. SPIEGEL:  Your Honor, the same problem is going
9  on.  You are going in and out.
10      THE COURT:  Well, I am going to forge forward then.
11      MR. SPIEGEL:  All right.
12      THE COURT:  And there will be a written transcript.
13      MR. SPIEGEL:  Oh good.  Good.  Thanks.
14      THE COURT:  And I will just do my best --
15      -- "so that a plaintiff may not defeat removal by
16 omitting to plead necessary federal questions in a complaint.
17 Citing Franchise Tax Board of State of California v.
18 Construction Laborers Vacation Trust for State of California,
19 463 U.S. 1, 22 (1983).  "Once an area of state law has been
20 completely preempted, any claim purportedly based on that
21 preempted state law is considered, from its inception, a
22 federal claim, and therefore arises under federal law."
23 Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).
24      "If even one claim is subject to the complete
25 preemption doctrine, then federal jurisdiction exists over that

1  claim, supplemental jurisdiction exists over the others (unless

2  those claims substantially predominate over the claim or claims

3  over which the District Court has original jurisdiction,' 28

4  U.S.C. Section 1367(c)(2)), and the case may remain in federal

5  court."  Meier v Premiere Wine and Spirits, Inc., 371 F.Supp.2d

6  239, 245-246 (E.D.N.Y. 2005).   "The complete preemption

7  corollary to the well-pleaded complaint rule is applied

8  primarily in cases raising claims preempted by Section 301 of

9  the Labor Management Relations Act."  Caterpillar, 482 U.S. at

10 393.

11          Here, plaintiff has styled his complaint to raise

12 claims under state law.  However, at a minimum, plaintiff's

13 tortious interference with contracts claims are subject to

14 preemption under Section 301.  The basis for these claims is

15 the contract between that union and Hotel Edison, meaning the

16 collective bargaining agreement.  The Second Circuit has held

17 that interpretations of collective bargaining agreements are

18 subject to complete preemption by Section 301.  See Vera v.

19 Saks & Co., 335 F.3d 109, 115 (2d Cir. 2003).  Federal

20 jurisdiction is therefore proper in this action for all claims

21 and plaintiff's addition of four new defendants does not alter

22 that conclusion.

23          So, for those reasons, plaintiff's motion to remand is

24 denied and I will close the open motion at docket no. 9.

25          So, I know that I had previously ruled docket no. 38,

1    that motions to dismiss, if any, would be due 30 days from the
2    ruling that I just made.  Is it the defendant's intention still
3    to file a motion to dismiss?  Or have you passed that thought?
4           MS. GRIMALDI:  Yes, your Honor, it is still
5    defendant's intention to.  The timing of this decision
6    unfortunately coincides with my leaving for vacation so I was
7    hoping to get a little more than 30 days to draft the motion
8    and get it filed.  I am going to be leaving for vacation on
9    Thursday of next week and I will not return until the 24th, so
10   I was hoping to get until March 3rd to submit defendant's
11   motion to dismiss.
12          THE COURT:  Okay, so March 3rd we will accept the
13   motion defendant's motion to dismiss.
14          Mr. Spiegel, I understand you are pro se; how long
15   would you like to respond?
16          MR. SPIEGEL:  30 days, your Honor.
17          THE COURT:  Okay.  So that is April 3rd.
18          And then one week for reply?
19          MS. GRIMALDI:  That's fine.
20          THE COURT:  Okay.  I probably will not have oral
21   argument on the motion but if I change my mind, I will let you
22   know, and the requirements for motion papers are set forth in
23   my individual rules which are online at the Court website.
24          MS. GRIMALDI:  Okay.
25          THE COURT:  So, if you could take a look at those?

1             MR. SPIEGEL:  Judge?
2             THE COURT:  Yes.
3             MR. SPIEGEL:  May I ask a couple of questions, your
4    Honor?
5             THE COURT:  Of course.
6             MR. SPIEGEL:  First, will you be sending a transcript
7    of this because, again, you were going in and out and I would
8    like to see it in writing.
9             THE COURT:  I'm not sure how that works with pro se
10   parties.  Normally a party has to buy a transcript so I don't
11   think there will be a transcript to send out unless you
12   purchase it.
13            MR. SPIEGEL:  Okay.  But it is available?
14            THE COURT:  Yes, it will be transcribed.  Actually,
15   the court reporter is here, if you would like to make
16   arrangements to do that.
17            MR. SPIEGEL:  Yeah, after.  In a moment I will speak
18   with him and get details about that.
19            THE COURT:  She is a she, but once we are finished I
20   will put her on the phone.
21            MR. SPIEGEL:  Okay.
22            THE COURT:  Any other questions?
23            MR. SPIEGEL:  Yes.
24            As you are aware, your Honor, you ordered a conference
25   with Judge Maas and he scheduled it for February 11th, to

F1S5spiC                              phone conference

1  discuss discovery.  Under these circumstances, is that still
2  going to happen?
3          THE COURT:  Yes.  So, the case simply goes forward in
4  federal court and everything goes in front of Judge Maas except
5  motions that would end the case, basically.  So, the motion to
6  dismiss comes to me but basically everything else until the
7  very end of the case goes to Judge Maas.
8          MR. SPIEGEL:  So are you saying, your Honor, that
9  discovery will continue during the period of time that you will
10 be deciding the motion to dismiss?
11         THE COURT:  Yes.
12         MR. SPIEGEL:  All right.
13         THE COURT:  Thank you very much, counsel.
14         MS. GRIMALDI:  Thank you, your Honor.
15         MR. SPIEGEL:  And may I speak with the clerk, please?
16         THE COURT:  I will let you talk to the court reporter
17 right now.
18         MR. SPIEGEL:  Thank you.
19         THE COURT:  So, we are adjourned.  Thanks.
20                             o0o
21
22
23
24
25