

**GREENWALD** LLP
**DOHERTY**
ATTORNEYS AT LAW

30 Ramland Road  Suite 201
Orangeburg, New York 10962
Tel: 845 589 9300
Fax: 845 638 2707

March 23, 2015

**Via ECF**

Honorable Lorna G. Schofield
U.S. District Judge
United States Courthouse
40 Foley Square
Courtroom: 1106
New York, NY  10007

   **Re:** **Michael Spiegel v. Erin Bekowies, Michael Shyu, Jorge Valencia, Malgorzata Sowa, Marla Edgar, Youssef Farah, Shkurte Mujovic, Ronaldo Teixeira, and Zenorina Gonzalez.**
     <u>**Case No.: 14-CV-3045 (LGS) (FM)**</u>

Dear Judge Schofield,

  As you know, this firm represents Erin Bekowies, Michael Shyu, Jorge Valencia, Malgorzata Sowa, Marla Edgar, Youssef Farah, Shkurte Mujovic, Ronaldo Teixeira, and Zenorina Gonzalez (collectively referred to herein as "Defendants"), in the above-referenced matter.

  We are writing in response to Mr. Spiegel's correspondence to the Court, dated March 19, 2015, wherein he requests that Your Honor grant him an additional period of eighteen (18) days to respond to Defendants' Motion to Dismiss Plaintiff's Amended Complaint, i.e. from April 3, 2015 to April 22, 2015, based upon "new legal issues" allegedly raised by the Notice of Motion.  Mr. Spiegel did not contact this office prior to the filing of said correspondence to seek our consent to this extension.  However, Defendants do not consent to Mr. Spiegel's request, as Mr. Spiegel's assertions in his letter do not warrant an extension of his time to respond to Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

  First, as Your Honor is likely aware, the Notice of Motion filed in connection with Defendants' Motion to Dismiss Plaintiff's Amended Complaint is the Notice required to be provided to *pro se* litigants pursuant to Local Rule 12.1.  Rule 12.1 provides that when a *pro se* litigant opposes a motion supported by matters outside the pleadings, the movant must provide the specific notice set forth in Local Rule 12.1.  Defendants' Motion to Dismiss includes matters outside the pleadings.  Specifically, it attaches the collective bargaining agreement governing Mr. Spiegel's employment with the Hotel Edison.  As such, Defendants were technically required to provide Mr. Spiegel with this notice.

630 Third Ave. 15th Floor    1 Bridge Plaza N. Ste. 275    263 Tresser Blvd. 9th Floor    1650 Market Street 36th Fl.
New York, NY 10017           Fort Lee, NJ 07024            Stamford, CT 06901             Philadelphia, PA 19103
TEL: 212.644.1310            TEL: 201.862.9644             TEL: 203.328.7598              TEL: 215.575.1180

firm.greenwaldllp.com    www.greenwaldllp.com

Please Respond to the Orangeburg Office Above

Honorable Lorna G. Schofield
March 23, 2015
Case No.: 14-CV-3045 (LGS)
Page | 2

As stated in Defendants Motion to Dismiss under Rule 12(b)(6), it is Defendants' position that the materials outside the pleadings can be considered by this Court without converting the Motion to a Rule 56 Motion for Summary Judgment. (See DKT. NO. 63, at Footnote 2). Accordingly, this issue may be resolved by the Court confirming that Defendants' Motion will be treated as made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and not one pursuant to Rule 56. We respectfully submit that this would address Mr. Spiegel's concern and obviate any need for an extension.

Similarly, Defendants have not raised any new legal issues in their Motion to Dismiss. As Mr. Spiegel acknowledges in his correspondence, he has been aware since in or about May 2014 (at the latest), that Defendants intended on making a Motion to Dismiss his claims in their entirety. To the extent he asserts that Defendants' letter of May 8, 2014 did not fully advise him of the legal bases for Defendants' Motion to Dismiss, that letter was simply required to put Mr. Spiegel on notice of the general legal bases for Defendants' anticipated Motion to Dismiss his claims, which it did.[1]

Moreover Defendants do not see the relevance of the discovery issues raised by Mr. Spiegel, as none of the referenced discovery impacts the legal issues related to Defendants' pending Motion. Without burdening the Court with pre-trial matters that were specifically referred to Judge Maas, the discovery referenced by Mr. Spiegel relates to his subpoena for a massive amount of, mostly irrelevant and overbroad, information from a non-party, the Hotel Edison. Magistrate Maas narrowed the scope of Mr. Spiegel's subpoena. The documents responsive to the narrowed subpoena were to be provided to Mr. Spiegel by March 5, 2015. A significant amount of this information was produced by that date. However, the agreed upon search terms in electronic discovery resulted in over 60,000 potentially relevant emails and approximately 20 potentially responsive security videos were found to exist. As a result, Defendants sought and received an extension to March 19, 2015, so those materials could be properly reviewed for relevance and privileged materials.[2] Nonetheless, the status of discovery is not relevant to nor a basis to extend Mr. Spiegel's time to respond to Defendants' Motion.

Lastly, it should be noted that Mr. Spiegel has elected to wait over two (2) weeks from receiving the Notice of Motion and the Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint to raise these alleged issues. Based upon the foregoing,

---

[1] Moreover, other than Mr. Spiegel's confusion over the procedural nature of Defendants' Motion to Dismiss, he identifies no substantive legal basis for Defendants' Motion of which he was unaware.

[2] In addition at the conference on February 11, 2015, Magistrate Maas communicated to Mr. Spiegel that it was normal and preferable for the parties to conclude paper discovery prior to scheduling and conducting depositions. Thus, there has been no attempt to avoid depositions by Defendants. Rather, Defendants were only awaiting Mr. Spiegel's completion of his discovery responses and the completion of the above referenced non-party discovery before conducting party depositions.

Honorable Lorna G. Schofield
March 23, 2015
Case No.: 14-CV-3045 (LGS)
Page | 3

Defendants respectfully request that Your Honor deny Mr. Spiegel's request for an extension of time to respond to Defendants' Motion to Dismiss the Amended Complaint.

 We thank you for your courtesies and attention to this matter.

          Very truly yours,

          _____s/_____

          Carolyn J. Grimaldi, Esq.


cc: Michael Spiegel, *Pro Se Plaintiff* (Via E-mail and Regular Mail)