

30 Ramland Road  Suite 201
Orangeburg, New York 10962
Tel: 845 589 9300
Fax: 845 638 2707

March 23, 2015

**VIA ECF**

Honorable Frank Maas
U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, NY  10007

   Re: **Michael Spiegel v. Erin Bekowies, Michael Shyu, Jorge Valencia, Malgorzata Sowa, Marla Edgar, Youssef Farah, Shkurte Mujovic, Ronaldo Teixeira, and Zenorina Gonzalez**
     **Case No.: 14-CV-3045 (LGS) (FM)**

Dear Judge Maas,

  As you know this office represents the Defendants in regard to the above referenced matter.  We are writing in response to Mr. Spiegel's March 16, 2015 letter to Your Honor wherein he has raised issues regarding the scope of the Hotel Edison's (the "Hotel's") email search, which was discussed during the Discovery Conference before Your Honor on February 11, 2015.

  As set forth in our letter to Your Honor of March 17, 2015, almost two (2) weeks following that conference, Mr. Spiegel contacted our office by email to request that we include nine (9) additional terms to our already agreed upon search terms.  Although the email search was already underway by the Hotel, we agreed to add four (4) of the nine (9) new search terms proposed by Mr. Spiegel.  The results of that search produced more than sixty thousand (60,000) potentially responsive e-mails, which this office was required to review for relevancy and privilege prior to disclosing same to Mr. Spiegel. Accordingly, on the Court-Ordered deadline of March 19, 2015, (in addition to the documents produced on March 5, 2015) Defendants produced to Mr. Spiegel non-privileged documents with information within the scope of FRCP 26(b)(1) in the possession of the Hotel from January 2010 to the present pursuant to the agreed upon search terms of "Spiegel," "Michael," "NYPD," "police," "detectives," and "stalking" for the specified mailboxes.[1]

---

[1] The Hotel Edison was unable to retrieve the email account for former employee Marla Edgar.  In addition, we experienced some technical difficulties in opening the email accounts for Jorge Valencia and Valbona Mujovic. We are currently working with the Hotel to resolve these issues and anticipate being able to disclose pertinent documents from these accounts within the scope of FRCP 26(b)(1) to Mr. Spiegel on or before Tuesday, March 31, 2015.

630 Third Ave.  15th Floor      1 Bridge Plaza N.  Ste. 275      263 Tresser Blvd. 9th Floor      1650 Market Street  36th Fl.
New York, NY  10017              Fort Lee, NJ  07024              Stamford, CT  06901              Philadelphia, PA  19103
TEL: 212.644.1310                TEL: 201.862.9644                TEL: 203.328.7598                TEL: 215.575.1180

firm.greenwaldllp.com      www.greenwaldllp.com

Please Respond to the Orangeburg Office Above

Honorable Frank Maas
March 23, 2015
Page 2

      Mr. Spiegel now asks Your Honor to further modify the scope of the already completed email search to include the names of specific Union officials, i.e. Pat Hoffman, Rebecca Pomares and Seth Goldstein. Defendants object to Mr. Spiegel's request on the basis of relevance, duplicity and the fact that this request is unduly burdensome on the Hotel, which is not a party to this action.

      Specifically, Mr. Spiegel has alleged state tort claims against individual Defendants and has been adamant throughout this matter that his claims have nothing to do with the Union or the collective bargaining agreement, which governed his employment with the Hotel. Further, as set forth in Mr. Spiegel's 2nd letter to Your Honor dated March 15, 2015, he is requesting that Your Honor issue a subpoena to his former Union seeking, *inter alia,* the very same items he now requests from the Hotel. We respectfully refer Your Honor to Paragraph 8 of Mr. Spiegel's proposed subpoena where he requests that the Union produce "Union emails, letters, reports or other documents concerning….Michael Spiegel. Particularly, but not limited to, documents from…Rebecca Pomares…Pat Hoffman, [and] Seth Goldstein…" Given the number of Union members employed by the Hotel, directing the Hotel to conduct an email search covering the last five (5) years for the names of certain Union business agents and the Union's attorney, who are in contact with the Hotel regularly on behalf of its unionized workforce, will more than likely produce many thousands of emails relating to matters that have nothing to do with Mr. Spiegel or his claims in this matter.

      Moreover, to the extent such emails would have any subject matter relevant to this case, it is difficult to see how they would not have already been located, when the Hotel has searched for "Michael" and "Spiegel" within the specified email accounts. However, without actually running this search, we cannot provide the Court with a number of potentially responsive results. As the Hotel has already expended substantial time, effort and costs in producing the results of the previously agreed upon email search to Mr. Spiegel (at no cost to Mr. Spiegel), we respectfully request that the Court deny Mr. Spiegel's request to further expand this search. Indeed, provided the Court issues the subpoena to the Union at least with respect to Paragraph 8, denying Mr. Spiegel's request for the Hotel to conduct the very same search will not prejudice or otherwise harm Mr. Spiegel in any manner.

      Thank you for your courtesies and attention to this matter.

                                    Very truly yours,

                                        s/
                                Carolyn J. Grimaldi, Esq.

CG/tp

cc:  Michael Spiegel, *Pro Se Plaintiff* (Via E-mail and Regular Mail)