```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MICHAEL SPIEGEL,                                            :
                                        Plaintiff,          :
                                                            :      14 Civ. 3045 (LGS)
                        -against-                           :
                                                            :      OPINION AND ORDER
ERIN BEKOWIES, et al.,                                      :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

This action arises out of the termination of Plaintiff's employment at the Hotel Edison (the "Hotel") in Manhattan. Defendants are all individuals who worked with Plaintiff at the Hotel. The Amended Complaint (the "Complaint") alleges in substance that they interfered with Plaintiff's employment at the Hotel, ultimately resulting in his termination. For the following reasons, Defendants' motion is granted.

## BACKGROUND

The facts below are taken from the Complaint or documents integral to the Complaint and are assumed to be true for the purposes of this motion.

Plaintiff was hired by the Hotel in approximately February 2006 as a front desk assistant manager. Subject to an industry-wide collective bargaining agreement (the "CBA"), Plaintiff joined the hotel union -- the New York Hotel & Motel Trades Council (the "Union") -- in approximately April 2008. The Complaint alleges that, on several occasions between 2010 and 2012, Plaintiff "observed several dangerous and life-threatening conditions at the Hotel Edison, and reported these conditions to his supervisors." Instead of correcting these conditions, the Complaint alleges, the Hotel "retaliated against Plaintiff, resulting in three [] terminations of his employment, two [] court-ordered reinstatements and seven [] legal proceedings."

The Complaint alleges that, during 2011 and 2012, Defendants submitted false statements to Hotel management and the Union and gave false testimonies at Union and judicial proceedings concerning Plaintiff's employment.  According to the Complaint, Defendants falsely stated, inter alia, that Plaintiff (1) was physically aggressive and disrespectful toward co-workers and a Hotel guest, (2) stalked the Hotel's general manager, (3) stole Hotel property, (4) made racist comments to co-workers, and (5) exposed himself to a co-worker.  In addition, according to the Complaint, Defendants (1) improperly blocked Plaintiff from attending a Union meeting, (2) instructed Plaintiff's co-workers to shun and avoid speaking with him, (3) directed racist comments toward Plaintiff, (4) conspired to rescind Plaintiff's election to a leadership position in the Union and (5) prevented at least one employee from presenting testimony that would have exonerated Plaintiff from certain allegations of wrongdoing.  The Complaint alleges that Defendants did so "in a willful effort to wrongly deprive Plaintiff of his contractually protected employment and benefits" at the Hotel.  In August 2012, Plaintiff's employment at the Hotel was terminated, allegedly "[a]s a direct result of Defendants' fraudulent and unlawful behavior."  An arbitration award, dated March 7, 2013, affirmed the termination of Plaintiff's employment at the Hotel.[1]

On April 3, 2014, Plaintiff, proceeding pro se, filed this action in New York Supreme Court, New York County.  The Complaint alleges three causes of action against each Defendant.  First, the Complaint alleges that each Defendant tortiously interfered with "the contract between th[e] Union and Hotel Edison" -- "the legal basis of Plaintiff's employment with Hotel Edison" --

---

[1] Although this fact is not mentioned in the Complaint, the arbitration award is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Accordingly, "the Court may take judicial notice of the[ award] and consider the[ award] in deciding the motion."  *Gorbaty v. Kelly*, No. 01 Civ. 8112, 2003 WL 21673627, at *2 (S.D.N.Y. July 17, 2003).  Furthermore, the parties do not dispute this fact.

by supplying false documents and statements against Plaintiff to authorities.  Second, the Complaint alleges that each Defendant tortiously interfered with the business relationship with the Hotel "through his employment therein" by supplying false documents and statements against Plaintiff to authorities.  Third, the Complaint alleges that each Defendant tortiously interfered with "future prospective economic opportunities [expected] from [Plaintiff's] employment at Hotel Edison."

On April 28, 2014, Defendants timely removed the action to this Court.  On May 30, 2014, Plaintiff moved to remand.  By Order dated January 28, 2015, Plaintiff's motion for remand was denied for the reasons stated on the record the same day.  The principal basis for denying the motion and for this Court's subject matter jurisdiction was that at least one of Plaintiff's claims is subject to preemption by section 301 of the Labor Management Relations Act ("LMRA").

## STANDARD

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party.  *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 284 (2d Cir. 2013).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am.*

*Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the court may consider the complaint, "[d]ocuments that are attached to the complaint or incorporated in it by reference," "document[s] upon which the complaint solely relies and which [are] integral to the complaint," and "matters of which judicial notice may be taken." *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 63 n.4 (2d Cir. 2012) (citations and internal quotation marks omitted).

In construing complaints by plaintiffs proceeding pro se, courts "apply[] a more flexible standard to evaluate their sufficiency than [they] would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 140 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Thus, the Court is obligated to construe pro se pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

**DISCUSSION**

Section 301 of the LMRA ("Section 301") seeks "to ensure uniform interpretation of collective-bargaining agreements" throughout the country "to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988). Accordingly, the Supreme Court has held that "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the

dispute." *Id.* at 405-06. Even where "plaintiffs formulate their complaint as based on state tort law, that formulation is not binding upon [courts] where rights and obligations under the pertinent collective agreement are inextricably involved in the underlying claim." *Dougherty v. Am. Tel. & Tel. Co.*, 902 F.2d 201, 203 (2d Cir. 1990).

Here, the Complaint alleges three claims against each Defendant under state tort law. Defendants argue that these claims are preempted by Section 301 and therefore must be dismissed. Courts employ a two-step analysis to determine if a claim is preempted by Section 301. First, courts "begin with the elements of plaintiffs' state law claim[s]." *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 233 (2d Cir. 1997). Second, courts determine whether each "state-law claim can be resolved without interpreting the agreement itself." *Id.* at 236 (quoting *Lingle*, 486 U.S. at 409-10). If the state law claims can be resolved without interpreting the agreement, they may be adjudicated on the merits. *See id.* at 237 (finding state-law claims not preempted by Section 301 and remanding claims to state court). This analysis is applied to each set of Plaintiff's claims below.

**I.      Tortious Interference with Contract**

Plaintiff's tortious interference with contract claim is based on the allegation that each Defendant tortiously interfered with "the contract between th[e] Union and Hotel Edison" -- "the legal basis of Plaintiff's employment with Hotel Edison." In effect, Plaintiff asserts that the Defendants caused the Hotel to breach the CBA with regard to Plaintiff's employment.

A prima facie claim of tortious interference with contract requires five elements: "[1] the existence of a valid contract between the plaintiff and a third party, [2] defendant's knowledge of that contract, [3] defendant's intentional procurement of the third-party's breach of the contract

5

without justification, [4] actual breach of the contract, and [5] damages resulting therefrom." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996) (citation omitted).

"[T]here is no way to adjudicate breach of contract absent interpretation of the underlying contract." *Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 583 (E.D.N.Y. 2011) (citing *Baylis v. Marriott Corp.*, 906 F.2d 874, 877 (2d Cir. 1990)). Because the complaint explicitly references the CBA as the contract that was the subject of the alleged interference, Plaintiff's tortious interference with contract claim must be dismissed on preemption grounds. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (finding employee's tort action against employer based on a collective bargaining agreement preempted by the LMRA); *Semper*, 786 F. Supp. 2d at 583 (dismissing employee's tortious interference claim on preemption grounds); *Arnold v. Beth Abraham Health Servs., Inc.*, No. 09 Civ. 6049, 2009 WL 5171736, at *5 (S.D.N.Y. Dec. 30, 2009) (same).

## II. Tortious Interference with Business Relations and Prospective Economic Opportunities

A threshold matter is whether Plaintiff's tortious interference with business relations and tortious interference with prospective opportunities claims are distinct causes of action. The Second Circuit has held that they are not. *See Valley Lane Industries Co. v. Victoria's Secret Direct Brand Management, L.L.C.*, 455 F. App'x 102, 105 (2d Cir. 2012) (citing *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008)). Accordingly, these claims are addressed together.

To state a claim for tortious interference with business relations, "four conditions must be met: (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations, (3) the defendant acted for a wrongful purpose or used dishonest, unfair,

or improper means; and (4) the defendant's acts injured the relationship." *Catskill Dev., L.L.C.*, 547 F.3d at 132.

"In order to resolve [this] claim[], it is necessary to review provisions detailed in the collective bargaining agreement between the [employer] and the union to which Plaintiff belonged . . . ." *Grant v. Simpson Metal Industries*, No. 93 Civ. 1154, 1995 WL 129184, at *3 (S.D.N.Y. Mar. 13, 1995) (dismissing interference with business opportunity claim as preempted by Section 301). "Specifically, the provisions regarding the employer's right to discharge its employees, [and] its hiring obligations to union members . . . would govern the determination" of this claim. *Id.* Accordingly, Plaintiff's remaining tortious interference claims must also be dismissed on preemption grounds. *See Allis-Chalmers Corp.*, 471 U.S. at 220 (when a state claim is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," the claim is either treated as a Section 301 claim or preempted by Section 301); *Wynn v. AC Rochester,* 273 F.3d 153, 157 (2d Cir. 2001) ("Where the resolution of a state-law claim depends on an *interpretation* of the collective-bargaining agreement, the claim is pre-empted.") (citation omitted).

### III.  Plaintiff's Arguments

Plaintiff argues that his claims are not preempted by Section 301 because (1) his former employer, the Hotel, is not a defendant in this action, and (2) it was not possible to raise his tortious interference claims in Union grievance arbitration. Plaintiff's arguments are legally incorrect. Plaintiff does not cite any legal authority to support his arguments, and the Court has not identified any that do so. The cases Plaintiff does cite do not contradict a finding of preemption here, where an employee alleges tortious interference claims against former co-

workers.  *See Lingle*, 486 U.S. at 407 (retaliatory discharge claim against employer does not require interpretation of CBA); *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994) (addressing preemption under Railway Labor Act); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (contract claims against employer alleging breach of individual employment contracts -- not CBA -- were not preempted); *Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25*, 430 U.S. 290 (1977) (addressing intentional infliction of emotional distress claim); *Am. Maritime Officers v. Marine Engineers Beneficial Assoc.*, 503 F.3d 532 (6th Cir. 2007) (addressing dispute between two competing unions); *Alongi v. Ford Motor Co.*, 386 F.3d 716 (6th Cir. 2004) (addressing claims brought by employees against employer for violation of public policy, fraud, civil conspiracy and discharge in violation of public policy); *Foy*, 127 F.3d at 237 (holding that misrepresentation claims did not require interpretation of CBA); *Hernandez v. Conriv Realty Associates*, 116 F.3d 35, 39-40 (2d Cir. 1997) (contract claims independent of CBA were not preempted by Section 301); *Purgess v. Sharrock*, 33 F.3d 134 (2d Cir. 1994) (addressing post-trial motions for judgment as matter of law); *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157 (Fed. Cir. 1993) (addressing patent infringement claim); *Keehr v. Consol. Freightways of Delaware, Inc.*, 825 F.2d 133, 137 (7th Cir. 1987) (holding invasion of privacy and intentional infliction of emotional distress claims not preempted by Section 301); *Hasten v. Phillips Petroleum Co.*, 640 F.2d 274 (10th Cir. 1981) (addressing libel claim); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, No. 09 Civ. 2137, 2012 WL 2899356, at *1 (S.D.N.Y. July 16, 2012) (not addressing preemption by federal labor law); *Bryant v. Verizon Commc'ns, Inc.*, 550 F. Supp. 2d 513 (S.D.N.Y. 2008) (holding race and gender discrimination claims not preempted by federal labor law); *Wilds v. United Parcel Serv.*,

*Inc.*, 262 F. Supp. 2d 163 (S.D.N.Y. 2003) (not addressing tortious interference); *Brown v. Nat'l Football League*, 219 F. Supp. 2d 372 (S.D.N.Y. 2002) (holding negligence claims and derivative claims brought by employee's spouse were not preempted by federal labor law); *Hussain v. Long Island R.R. Co.*, No. 00 Civ. 4207, 2002 WL 31108195 (S.D.N.Y. Sept. 20, 2002) (not addressing preemption by federal labor law).

Accordingly, Defendants' motion is granted.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to close the motion at Docket No. 61 and to close this case. The Clerk of Court is also directed to mail a copy of this opinion to Plaintiff.

SO ORDERED.

Dated: May 27, 2015
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**